IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **ASHLEY M.,**<br><br>          **Plaintiff,**<br><br>**v.**<br><br>**ANDREW M. SAUL,**[1]<br>**Commissioner of Social Security,**<br><br>          **Defendant.** | **MEMORANDUM DECISION<br>AND ORDER**<br><br><br>**Case No. 2:19-cv-00088-PMW**<br><br><br><br>**Chief Magistrate Judge Paul M. Warner** |

Before the court is Ashley M.'s ("Plaintiff") appeal of the Commissioner's final decision determining that Plaintiff was not entitled to Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, *see* 42 U.S.C. §§ 401-434, and Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, *see id*. §§ 1381-1383f.  After careful consideration of the written briefs and the complete record, the court has determined that oral argument is not necessary in this case.

## PROCEDURAL BACKGROUND

Plaintiff alleges disability due to various physical impairments.  On March 2, 2015, Plaintiff applied for DIB, alleging disability beginning on July 14, 2014.[2]  On April 20, 2015,

---

[1]  Andrew M. Saul is now the Commissioner of Social Security.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Andrew M. Saul has been substituted for Acting Commissioner Nancy A. Berryhill as the Defendant in this action.  *See* ECF no. 15.

[2]  *See* ECF no. 7, Administrative Record ("AR ____") 209-10.

Plaintiff applied for SSI.[3]  Plaintiff's applications were denied initially and upon
reconsideration.[4]  Plaintiff then requested a hearing before an Administrative Law Judge
("ALJ"),[5] and that hearing was held on November 22, 2017.[6]  On February 2, 2018, the ALJ
issued a written decision denying Plaintiff's claim for DIB and SSI.[7]  On December 10, 2018, the
Appeals Council denied Plaintiff's request for review,[8] making the ALJ's decision the
Commissioner's final decision for purposes of judicial review.  *See* 42 U.S.C. §§ 405(g),
1383(c)(3); 20 C.F.R. §§ 404.981, 416.1481.

On February 8, 2019, Plaintiff filed his complaint in this case.[9]  The Commissioner filed
his answer and the administrative record April 8, 2019.[10]  On April 10, 2019, both parties
consented to a United States Magistrate Judge conducting all proceedings in the case, including
entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit.[11]
Consequently, this case was assigned permanently to Chief Magistrate Judge Paul M. Warner

---

[3] *See* AR 211-20.

[4] *See* AR 126-31, 134-39.

[5] *See* AR 123-25, 142-43.

[6] *See* AR 28-58.

[7] *See* AR 9-27.

[8] *See* AR 1-6.

[9] *See* ECF no. 2.

[10] *See* ECF no. 6-7.

[11] *See* ECF no. 12.

pursuant to 28 U.S.C. § 636(c) and rule 73 of the Federal Rules of Civil Procedure.[12]  *See* 28

U.S.C. § 636(c); Fed. R. Civ. P. 73.

Plaintiff filed his opening brief on July 16, 2019.[13]  The Commissioner filed his answer

brief on September 16, 2019.[14]  Plaintiff filed his reply brief on September 30, 2019.[15]

## STANDARD OF REVIEW

This court "review[s] the Commissioner's decision to determine whether the factual

findings are supported by substantial evidence in the record and whether the correct legal

standards were applied."  *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotations and

citation omitted).  The Commissioner's findings, "if supported by substantial evidence, shall be

conclusive."  42 U.S.C. § 405(g).  "Substantial evidence is such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion.  It requires more than a

scintilla, but less than a preponderance."  *Lax*, 489 F.3d at 1084 (quotations and citation omitted).

"In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute

[its] judgment for that of the [ALJ]."  *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006)

(quotations and citation omitted).  "The failure to apply the correct legal standard or to provide

this court with a sufficient basis to determine that appropriate legal principles have been

---

[12] *See id.*

[13] *See* ECF no. 16.

[14] *See* ECF no. 20.

[15] *See* ECF no. 21.

followed [are] grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (quotations and citation omitted).

A five-step evaluation process has been established for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v); *see also Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (discussing the five-step process). If a determination can be made at any one of the steps that a claimant is or is not disabled, the subsequent steps need not be analyzed. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

> Step one determines whether the claimant is presently engaged in substantial gainful activity. If [the claimant] is, disability benefits are denied. If [the claimant] is not, the decision maker must proceed to step two: determining whether the claimant has a medically severe impairment or combination of impairments. . . . If the claimant is unable to show that his impairments would have more than a minimal effect on his ability to do basic work activities, he is not eligible for disability benefits. If, on the other hand, the claimant presents medical evidence and makes the *de minimis* showing of medical severity, the decision maker proceeds to step three.

*Williams*, 844 F.2d at 750-51 (quotations and citations omitted); *see* 20 C.F.R. §§ 404.1520(a)(4)(i)-(ii), 416.920(a)(4)(i)-(ii).

"Step three determines whether the impairment is equivalent to one of a number of listed impairments that . . . are so severe as to preclude substantial gainful activity . . . . If the impairment is listed and thus conclusively presumed to be disabling, the claimant is entitled to benefits. If not, the evaluation proceeds to the fourth step . . . ." *Williams*, 844 F.2d at 751 (quotations and citations omitted); *see* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).

At the fourth step, the claimant must show that the impairment prevents performance of his "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). "If the claimant is

able to perform his previous work, he is not disabled." *Williams*, 844 F.2d at 751.  If, however, the claimant is not able to perform his previous work, he "has met his burden of proof, establishing a prima facie case of disability." *Id*.

At this point, "[t]he evaluation process . . . proceeds to the fifth and final step." *Id*.  At this step, the burden of proof shifts to the Commissioner, and the decision maker must determine "whether the claimant has the residual functional capacity [("RFC")] . . . to perform other work in the national economy in view of his age, education, and work experience." *Id*.; *see* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  If it is determined that the claimant "can make an adjustment to other work," 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), he is not disabled.  If, on the other hand, it is determined that the claimant "cannot make an adjustment to other work," 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), he is disabled and entitled to benefits.

## ANALYSIS

In her decision, the ALJ concluded that Plaintiff could perform a reduced range of light work as follows:  "He can lift and carry twenty pounds occasionally and ten pounds frequently. He can sit, stand, or walk for six hours in an eight-hour workday.  He can occasionally climb. He can have occasional exposure to atmospheric conditions and extreme cold."[16]  The ALJ also concluded that Plaintiff could perform his past relevant work as a pallet sorter, grinder, and cosmetics worker.[17]  In support of his claim that the Commissioner's decision should be

---

[16] AR 15.

[17] *See* AR 19-21.

reversed, Plaintiff argues that the ALJ erred at step four of the sequential evaluation process by concluding that Plaintiff could perform his past relevant work in those three jobs.

## I.        Pallet Sorter and Grinder

The ALJ determined that Plaintiff could perform his past relevant work as a pallet sorter and grinder.  The ALJ specifically concluded that Plaintiff could perform those jobs "in actual performance."[18]  In other words, the ALJ determined that Plaintiff could perform those jobs as they were described by Plaintiff, not as they are defined by the Dictionary of Occupational Titles ("DOT").  In Plaintiff's Work History Report, which is contained within the record, Plaintiff indicated that his job as a pallet sorter required a total of seven hours of walking or standing in each eight-hour workday[19] and that his job as a grinder required eight hours of sitting in each eight-hour workday.[20]

The ALJ's determination that Plaintiff could perform his past relevant work as a pallet sorter and grinder "in actual performance,"[21] or as described by Plaintiff, is clearly in conflict with the ALJ's determination that Plaintiff could sit, stand, or walk for only six hours in each eight-hour workday.  The court concludes that the ALJ erred in that regard.

---

[18] AR 20.

[19] *See* AR 275.

[20] *See* AR 276.

[21] AR 20.

## II.      Cosmetics Worker

The ALJ also determined that Plaintiff could perform his past relevant work as a

cosmetics worker.  Plaintiff contends that the job title of cosmetics worker differs from both the

relevant job title in the DOT (cosmetics presser) and Plaintiff's description of the job (cosmetics

re-processor).  Thus, Plaintiff argues, the ALJ failed to fully develop the record with respect to

Plaintiff's past relevant work in this job.

Social Security Ruling ("SSR") 82-62 provides:

> The decision as to whether the claimant retains the functional capacity to perform
> past work which has current relevance has far-reaching implications and must be
> developed and explained fully in the disability decision.  Since this is an
> important and, in some instances, a controlling issue, every effort must be made to
> secure evidence that resolves the issue as clearly and explicitly as circumstances
> permit.
>
> Sufficient documentation will be obtained to support the decision.  Any case
> requiring consideration of [past relevant work] will contain enough information
> on past work to permit a decision as to the individual's ability to return to such
> past work (or to do other work).
>
> Adequate documentation of past work includes factual information about those
> work demands which have a bearing on the medically established limitations.
> Detailed information about strength, endurance, manipulative ability, mental
> demands and other job requirements must be obtained as appropriate.  This
> information will be derived form a detailed description of the work obtained from
> the claimant, employer, or other informed source. . . .

SSR 82-62.

Importantly, in this case, there is no description of Plaintiff's past relevant work as a

cosmetics re-processor in the record.  It is simply listed as one of Plaintiff's past jobs in his Work

History Report.[22]  Additionally, it does not appear that the ALJ asked any questions of Plaintiff

---

[22] *See* AR 270.

about the requirements of that job during the administrative hearing.  Furthermore, the demands of that job were not "developed and explained fully in the disability decision," and it does not appear that the ALJ obtained any "[d]etailed information about strength, endurance, manipulative ability, mental demands and other job requirements."  *Id*.  For those reasons, the court concludes that the ALJ erred in her determination that Plaintiff could perform his past relevant work as a cosmetics worker.

## **CONCLUSION AND ORDER**

Based on the foregoing, the court concludes that the ALJ erred at step four of the sequential evaluation process.  Accordingly, IT IS HEREBY ORDERED that the Commissioner's decision in this case is REVERSED AND REMANDED.

IT IS SO ORDERED.

DATED this 22nd day of May, 2020.

BY THE COURT:


PAUL M. WARNER
Chief United States Magistrate Judge